UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
JUN 2 0 2003
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO

ALLEN DAVID MAIS, )
)
        Plaintiff, )
)
v. ) No. 4:03-CV-748-MLM
)
JAMES MALONE, )
)
        Defendant. )

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Allen David Mais for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed for lack of jurisdiction.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it

lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### The complaint

Plaintiff seeks monetary relief in this 28 U.S.C. § 1331 action against defendant James Malone, an attorney. Plaintiff alleges that he was "hurt at [a] bakery shop [and] did not return to work for four months." He states, "I don't belie[ve] James Malone will get $4,500." It appears to the Court that plaintiff is claiming that his attorney, James Malone, over-charged him for his services.

The instant action does not arise under the Constitution,

2

laws, or treaties of the United States, and thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Moreover, subject matter jurisdiction does not exist under 28 U.S.C. § 1332, given that both plaintiff and defendant are Missouri residents, and the amount in controversy does not exceed $75,000. As such, the case will be dismissed, without prejudice, for lack of subject matter jurisdiction.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk receive and file the complaint in this action without payment of the required filing fee. See 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the Court lacks jurisdiction over the case. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 20th day of June, 2003.

UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - EASTERN MISSOURI
INTERNAL RECORD KEEPING

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE FOLLOWING INDIVIDUALS ON 06/23/03 by kklein
4:03cv748    Mais vs Malone

42:1983 Civil Rights Act

Allen Mais -
4449 Bingham
St. Louis, MO  63116

MLM

SCANNED & FAXED BY:
JUN 23 2003
SAJ